IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CUNA MUTUAL INSURANCE SOCIETY,

                                                         OPINION AND ORDER

                     Plaintiff,

                                                   07-cv-557-bbc

      v.

O.M. FINANCIAL ASSOCIATES, L.L.P.,
WILLIAM O'CONNELL, CYNTHIA
O'CONNELL, DAIBES FARIS MALOUF,
COMPENSATION STRATEGIES
GROUP INSURANCE AGENCY, INC.
and O.M. FINANCIAL GROUP, INC.,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action for injunctive, declaratory and monetary relief, plaintiff CUNA Mutual Insurance Society alleges several causes of action against defendants O.M. Financial Associates L.L.P., William O'Connell, Cynthia O'Connell, Diabes Faris Malouf, Compensation Strategies Group Insurance Agency, Inc. and O.M. Financial Group, Inc., all of which stem from a settlement agreement the parties entered into on August 14, 2007. Plaintiff is seeking an order (1) declaring that the settlement is binding on defendants; (2) forcing defendants to execute their responsibilities under the settlement; (3) reforming the

1

settlement agreement; and (4) finding that defendants breached the settlement agreement in several ways.

The case is currently before the court on defendants' motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and plaintiff's motion to confirm the December 27, 2007, arbitration award. Although defendants concede that the parties are diverse, they contend that the amount in controversy does not exceed $75,000, and therefore that this court lacks subject matter jurisdiction under 28 U.S.C. § 1332. Because plaintiff has made good faith allegations that the amount in controversy exceeds $75,000 and it is not legally certain that plaintiff cannot recover that amount, defendants' 12(b)(1) motion will be denied. Moreover, because there are no grounds for overturning the December 27, 2007 arbitration award, plaintiff's motion to confirm the arbitration award will be granted in accordance with the Federal Arbitration Act, 9 U.S.C. § 9.

In determining whether there is in fact subject matter jurisdiction I am free to "look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." Bastien v. AT&T Wireless Services Inc., 205 F.3d 983, 990 (7th Cir. 2000). Accordingly, I draw the following facts from plaintiff's amended complaint, the settlement agreement and the affidavits submitted in support of defendants' present motion.

JURISDICTIONAL FACTS

A. Parties

Plaintiff CUNA Mutual Insurance Society is a mutual insurance company that is a citizen of Wisconsin with its principal place of business in Madison, Wisconsin. CUNA Mutual Life Insurance Company was a mutual insurance company with its principal place of business in Madison, Wisconsin. Effective December 31, 2007, plaintiff merged with CUNA Mutual Life, with the plaintiff being the surviving entity.

Defendant O.M. Financial Associates, L.L.P. is a limited liability partnership organized under Massachusetts law that is made up of two partners, defendants Compensation Strategies Group Insurance Agency, Inc. and O.M. Financial Group, Inc. Defendant Compensation Strategies Group Insurance Agency, Inc. is a Massachusetts corporation with its principal place of business in Norwood, Massachusetts. Defendant O.M. Financial Group, Inc. is a Rhode Island corporation with its principal place of business in Smithfield, Rhode Island. Defendants William and Cynthia O'Connell are residents and citizens of Rhode Island. Defendant Daibes Faris Malouf, also known as Joe Malouf, is a resident and citizen of Massachusetts.

B. The Settlement Agreement and Plaintiff's Initial Complaint

On August 14, 2007, plaintiff CUNA Mutual Insurance Society, CUNA Mutual Life

and defendant O.M. Financial Associates executed a settlement agreement regarding a previous case that had been filed in this district, <u>CUNA Mutual Insurance Society v. O.M. Financial Associated, L.L.P.</u>, No. 07-C-0057-S. Among other things, the settlement agreement required that (1) defendants assign to plaintiff the servicing rights for certain life insurance policies that had been sold by plaintiff's representatives but on which one or more of defendants were listed as agents of record for Massachusetts Mutual Life Insurance Company; (2) defendants assign to plaintiff all rights to certain future commissions arising out of the renewal of certain life insurance polices; and (3) plaintiff pay defendants $4,050,000.00 within five business days of delivery to plaintiff of all duly executed documents necessary to complete the assignment of servicing rights and future commissions. Attached to the settlement agreement were several lists: (1) Exhibit A, a list of policies sold that would be assigned to plaintiff; (2) Exhibit B, list of pending business that would be assigned to plaintiff; and (3) Exhibit C, list of additional customers subject to the non-solicitation agreement.

After the settlement agreement was executed, plaintiff noticed that four insurance policies were omitted from Exhibit A. The four omitted policies were for Mike Stevens of Midwest Financial CU, Stanley Hayes of Valley State Ees CU, Diedra William of Metro CU and Paul Johnson of US Community Credit Union. The future commissions on those policies are valued at $96,020. Defendants refused to amend Exhibit A and also refused to

4

transfer and assign the four policies absent from Exhibit A. Defendants then told plaintiff that there were "mistakes" with respect to Exhibit B and that reformation was required to correct the mistakes.

Plaintiff filed its initial complaint on October 4, 2007. In that complaint, plaintiff sought (1) a declaratory judgment to declare that the settlement agreement was binding on defendants and to enjoin defendants from refusing to provide the required assignments and (2) reformation of the settlement agreement to include the four insurance policies that had been omitted from Exhibit A of the settlement agreement and to remove one insurance policy that should not have been included on Exhibit A. Plaintiff alleged that the amount in controversy concerning plaintiff's two claims exceeded $75,000 exclusive of interest and costs.

### C. Arbitration

After plaintiff filed its initial complaint, the parties agreed to arbitrate certain issues at dispute. They executed an Arbitration Agreement on November 1, 2007. The parties provided the arbitrator with the following authority:

> (a) to decide whether Exhibit A to the parties' Settlement Agreement shall be replaced by Exhibit 1 to this Arbitration Agreement;
>
> (b) to decide whether Exhibit B to the Settlement Agreement shall be amended by removing Greenville FCU, Paul Hughes, CUES(Credit Union Executives Society),

5

Dennis Porter, Linda Stempter, Barb Kachelski and LaVonne Stodola, and, if so whether the entities and persons there listed shall be added to Exhibit C to the Settlement Agreement, and

(c) In the event that the arbitrator determines that CUES, Dennis Porter, Linda Stempter, Barb Kachelski and LaVonne Stodola shall remain on Exhibit B or be added to Exhibit C, then the arbitrator shall have the authority to declare the parties' rights and obligations with regard to CUES, including whether the non-solicitation clause in the Settlement Agreement precludes OM, individually or collectively, directly or indirectly, from soliciting, marketing to or accepting business from CUES management executives, but does not preclude OM from otherwise seeking to enter into a business relationship with CUES (including but not limited to attending meetings, events, lectures, seminars and other functions by CUES, receiving information and providing information to CUES and its membership and receiving any endorsements from CUES).

On December 27, 2007, the arbitrator released his decision. The decision provided for the following awards:

1. Exhibit 1 attached to the Agreement to Arbitrate, will be substituted for Exhibit A attached to the settlement Agreement;

2. O.M.'s request that Exhibit B be reformed by removing the name CUES, Dennis Porter, Linda Stemper, Bark Kachelski, and LaVonne Stodola is denied; and

3. O.M.'s alternative request that the non-solicitation clause, which restricts O.M. from selling insurance to CUES management executives, be amended so as not to restrict O.M. from engaging in other business activities with respect to CUES, is denied.

After receiving the arbitrator's decision, plaintiff moved to amend its complaint and the court granted plaintiff's motion.

6

### D. The Amended Complaint

On January 14, 2008, plaintiff filed its amended complaint, which maintained the declaratory judgment and reformation claims from its original complaint and added three claims concerning defendants' breach of the settlement agreement. Specifically, plaintiff alleges that defendants breached the settlement agreement by (1) forming a business relationship with CUES in violation of the non-solicitation provision; (2) failing to provide plaintiff with all records relating to policies listed in Exhibit A; and (3) failing to assign to plaintiff the servicing rights to certain insurance policies. Although according to plaintiff these breaches have damaged them "in an amount to be proved at trial," plaintiff directed that $650,000 of the $4,050,000 settlement payment be held in escrow in plaintiff's attorney's trust account because of defendants' breach of the settlement agreement.

OPINION

A preliminary issue disputed by the parties is whether the court should examine the original or the amended complaint in determining subject matter jurisdiction. The Court of Appeals for the Seventh Circuit recently reasserted the rule that "'when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction.'" United States ex rel. Fowler v. Caremark RX, L.L.C., 496 F.3d 730, 735 (7th Cir. 2007) (quoting Rockwell International Corp. v. United

States, 127 S. Ct. 1397, 1409 (2007) (citations omitted)). Plaintiff voluntarily amended its complaint on January 14, 2008. Therefore, I must examine plaintiff's amended complaint to determine jurisdiction.

### A. Diversity

Before I proceed further into the parties' jurisdictional dispute, I note that I have "an independent obligation to ensure that jurisdiction exists." Camico Mutual Insurance Co. v. Citizens Bank, 474 F.3d 989, 992 (7th Cir. 2007) (citations omitted). This independent obligation requires me to determine whether all jurisdictional requirements are satisfied, not merely those requirements disputed by the parties. Under 28 U.S.C. § 1332, there is a diversity requirement and an amount in controversy requirement. Thomas v. Guardsmark, LLC, 487 F.3d 531, 533 (7th Cir. 2007). I first consider the diversity requirement. "'For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant.'" McCready v. eBay, Inc., 453 F.3d 882, 891 (7th Cir. 2006) (quoting Fidelity & Deposit Co. of Maryland v. City of Sheboygan Falls, 713 F.2d 1261, 1264 (7th Cir. 1983)). In determining party citizenship under 28 U.S.C. § 1332, a partnership is not a citizen, but all of its members are, New West, L.P. v. City of Joliet, 491 F.3d 717, 720 (7th Cir. 2007) (citations omitted), and "'[i]f any party is an unincorporated association or partnership the

8

[jurisdictional] statement shall identify the citizenship of *all* members,'" Thomas, 487 F.3d at 533 (emphasis added) (quoting Cir. R. 28(a)(1)). Thus, diversity jurisdiction requires diversity of all parties.

Although plaintiff alleges that O.M. Financial Associates, L.L.P. is organized under Massachusetts law and that the partners are citizens of a state other than Wisconsin, it fails to allege both who the partners are and the specific state in which each partner's citizenship rests. Generally, failure to provide the citizenship of each partner would require that the complaint be dismissed for lack of subject matter jurisdiction; however, my examination of the settlement agreement, which is at the core of the dispute and referred to in the complaint, reveals that (1) defendant O.M. Financial Associates, L.L.P. has two partners; (2) the two partners are defendants Compensation Strategies Group Insurance Agency, Inc. and O.M. Financial Group, Inc.; and (3) Compensation Strategies is a Massachusetts corporation with its principal place of business in Norwood, Massachusetts and O.M. Financial Group is a Rhode Island corporation with its principal place of business in Smithfield, Rhode Island. Therefore, despite plaintiff's failure to make apparent its basis for diversity jurisdiction on the face of its complaint, I conclude that there is complete diversity among the parties.

B. Amount In Controversy

The proponent of federal jurisdiction, in this case plaintiff, bears the burden of proving contested jurisdictional facts by a preponderance of the evidence. Meridian Security Insurance Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006). This means that plaintiff must prove that it is more likely than not that the amount in controversy exceeds $75,000. However, "once these facts have been established the proponent's estimate of the claim's value must be accepted unless there is 'legal certainty' that the controversy's value is below the threshold." Id. at 541. When equitable relief is sought, such as an injunction or declaratory judgment, "'the amount in controversy is measured by the value of the object of the litigation.'" Macken ex rel. Macken v. Jensen, 333 F.3d 797, 799 (7th Cir. 2003) (quoting Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 347 (1977)). Additionally, the Court of Appeals for the Seventh Circuit has ruled that "the object[of the litigation] may be valued from either perspective--what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand." Id. at 799-800 (citations omitted).

Plaintiff's first and second claims request equitable remedies, including declaratory and injunctive relief as well as contract reformation. In determining the value of obtaining these equitable remedies I must look at the "object of the litigation." Plaintiff contends that the object of the litigation is the entire settlement agreement, which is valued at more than $4 million. However, the center of the controversy is not the entire settlement agreement,

10

but only the four omitted insurance policies. The value of those policies is what plaintiff stands to gain or what it would cost defendant if plaintiff were to obtain its requested equitable relief. Plaintiff's affidavits and supporting documents establish by a preponderance of the evidence that the value of those four policies is $96,020. Therefore, plaintiff has carried its burden of proof that the amount in controversy exceeds $75,000.

Defendants do not argue that the value of the four policies is below $75,000, but instead argue that such value is not properly "in controversy" because plaintiff's claims for equitable relief were decided in arbitration and the court lacks subject matter jurisdiction over claims decided in arbitration. I agree with defendants that the issues for which plaintiff seeks equitable relief appear to have been decided in arbitration. The arbitrator granted plaintiff's request to reform Exhibit A of the settlement agreement by substituting Exhibit 1 of the Arbitration Agreement. Furthermore, the Arbitration Agreement effectively enjoined defendants from refusing to provide the required policy assignments because under paragraph 14 the parties agreed to "execute such documents as may be necessary to comply with and give effect to any decision of the arbitrator."

However, the arbitration agreement and award came into existence only after this case began. They do not divest the court of subject matter jurisdiction because what matters in determining the amount in controversy is "the amount that was in controversy when the federal suit began." Meridian, 441 F.3d at 538 (citing St. Paul Mercury Indemnity Co. v.

11

Red Cab Co., 303 U.S. 283, 293 (1938)). The arbitration process was a post-filing event and "[p]ost-filling events . . . do not terminate jurisdiction that was proper at the outset [of a case]." Id. Although, as discussed earlier, a court looks to a plaintiff's voluntarily amended complaint to determine jurisdiction, the rule that subject matter jurisdiction is determined by examining the state of things at the time the suit began is unchanged because "[t]he state of things [at the time the suit began] and the originally alleged state of things are not synonymous." Rockwell, 127 S. Ct. at 1409. Plaintiff's amended complaint and supporting documents establish that the amount in controversy exceeded $75,000 when this case began. Therefore, complete diversity among the parties and an amount in controversy exceeding $75,000 provides the court with subject matter jurisdiction over this case. Although arbitration of plaintiff's claims for equitable relief may require dismissal of those claims for failure to state claims on which relief may be granted under Fed. R. Civ. P. 12(b)(6), defendants have not requested dismissal on that ground. Their motion to dismiss plaintiff's amended complaint for lack of subject matter jurisdiction under Rule 12(b)(1) will be denied.

B. Confirmation of the Arbitration Award

The Federal Arbitration Act, 9 U.S.C. § 9, states in pertinent part:

If the parties in their agreement have agreed that a judgment of the court shall be

12

> entered upon the award made pursuant to the arbitration and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

(Emphasis added).

The Supreme Court has recently held that "§§ 10 and 11 respectively provide the [Federal Arbitration Act's] exclusive grounds for expedited vacatur and modification." Hall Street Associates, L.L.C. v. Mattel, Inc., No. 06-989, 2008 WL 762537, at *4 (Mar. 25, 2008). The parties entered into an arbitration agreement on November 1, 2007. The Honorable John C. Shabaz ordered this case stayed pending arbitration. On January 28, 2008, plaintiff filed a motion to confirm the arbitration award entered on December 27, 2007. Defendants did not oppose the motion to confirm. Because "[t]he grounds for overturning an arbitration award are extremely limited," Halim v. Great Gatsby's Auction Gallery, Inc., 516 F.3d 557, 563 (7th Cir. 2008), and defendants have suggested no grounds for denying confirmation, plaintiff's motion to confirm the December 27, 2007, arbitration award will be granted.

ORDER

IT IS ORDERED that the motion to dismiss plaintiff CUNA Mutual Insurance Society's amended complaint for lack of subject matter jurisdiction filed by defendants O.M.

Financial Associates, L.L.P., William O'Connell, Cynthia O'Connell, Daibes Faris Malouf, Compensation Strategies Group Insurance Agency, Inc. and O.M. Financial Group, Inc. (dkt. #35) is DENIED.

FURTHER, IT IS ORDERED that plaintiff CUNA Mutual Insurance Society's motion to confirm the December 27, 2007 arbitration award (dkt. #24) is GRANTED.

Entered this 28th day of March, 2008.

                        BY THE COURT:

                        /s/

                        _____
                        BARBARA B. CRABB
                        District Judge